GEORGE A. RILEY (S.B. #118304) griley@omm.com
LUANN L. SIMMONS (S.B. #203526) lsimmons@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786) mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

RYAN K. YAGURA (S.B. #197619) ryagura@omm.com
XIN-YI ZHOU (S.B. #251969) vzhou@omm.com
MARC M. BREVERMAN (S.B. #271884) mbreverman@omm.com
KEVIN MURRAY (S.B. #275186) kmurray2@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

Attorneys for Defendant
**APPLE INC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| OpenTV, Inc., and Nagravision, SA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Apple Inc.,<br><br>                    Defendant. | Case No. 3:14-cv-01622-JST<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLAIMS OF INDIRECT INFRINGEMENT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          July 10, 2014<br>Time:          2:00 p.m.<br>Judge:         Honorable Jon S. Tigar<br>Courtroom:     9, 19th Floor |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ........................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

    I.       INTRODUCTION AND ISSUES TO BE DECIDED ........................................... 2

    II.      STATEMENT OF RELEVANT FACTS ............................................................... 2

    III.    ARGUMENT ......................................................................................................... 3

          A.    Legal Standards ........................................................................................ 3

          B.    Because Plaintiffs Fail to Plausibly Plead Indirect Patent Infringement, Plaintiffs' First through Fifth Claims for Relief Should Be Dismissed ................................................................................ 3

          C.    Because Plaintiffs Fail to Plead Pre-Suit Knowledge, Plaintiffs' Indirect Infringement Claims Must Be Limited to Post-Filing Conduct ................................................................................................. 10

    IV.     CONCLUSION .................................................................................................... 10

1

## TABLE OF AUTHORITIES

2

Page

**CASES**

3

4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 3, 10

5

6

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
No. 11–04049 JW, 2012 WL 2343163 (N.D. Cal. June 5, 2012) ............................................. 6

7

*Bascom Research LLC v. Facebook, Inc.*,
No. 12–6293, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ................................................. 10

8

9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................. 3

10

11

*CreAgri, Inc. v. Pinnaclife Inc.*,
No. 5:11–CV–06635–LHK, 2013 WL 11569 (N.D. Cal. Jan. 1, 2013) ................................... 6

12

*Cronos Techs., LLC v. Camping World Inc.*,
2013 U.S. Dist. LEXIS 106336 (W.D. Ky. July 29, 2013) ................................................ 6

13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ................................................................................... 3

14

15

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ................................................................................. 4

16

17

*Fuzzysharp Techs. Inc. v. NVIDIA Corp.*,
No. 12-CV-06375-JST, 2013 WL 2249707 (N.D. Cal. Apr. 18, 2013) ................................... 9

18

19

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011) ........................................................................................... 4

20

21

*Grobler v. Sony Computer Entm't Am. LLC*,
No. 5:12–CV–01526–LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ............................... 6

22

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. 4, 7, 9

23

24

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
No. 12–786, 572 U.S. ___, 2014 WL 2440535 (June 2, 2014) .............................................. 6

25

26

*Muniauction, Inc. v. Thomson Corp.*,
532 F.3d 1318 (2008) ............................................................................................. 6

27

*Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*,
No. 12–CV–04070–JST, 2013 WL 3462078 (N.D. Cal. July 8, 2013) ................................... 9

28

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST

**TABLE OF AUTHORITIES**
(continued)

Page

**<u>STATUTES</u>**

35 U.S.C. § 271(b) ...................................................................................................... 4

35 U.S.C. § 271(c) ...................................................................................................... 7

**<u>RULES</u>**

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 2

iii

1

## NOTICE OF MOTION

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

    **PLEASE TAKE NOTICE THAT** on July 10, 2014, at 2:00 p.m. or on the date and time

4

ordered by the Court, in Courtroom 9 at the United States Courthouse, 450 Golden Gate Avenue,

5

San Francisco, California 94102, 19th Floor, the Honorable Jon S. Tigar presiding, Defendant

6

Apple Inc. ("Apple") will and hereby does move under Federal Rule of Civil Procedure 12(b)(6)

7

to dismiss for failure to state a claim the First, Second, Third, Fourth, and Fifth Claims for Relief

8

(as to induced and contributory patent infringement) of the First Amended Complaint filed by

9

Plaintiffs OpenTV, Inc. ("OpenTV") and Nagravision, SA ("Nagravision") (collectively, the

10

"Plaintiffs").

11

    Apple brings this motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure on

12

the grounds that Plaintiffs fail to allege sufficient facts to plausibly support their claims for

13

indirect infringement.  This Motion is based on this Notice of Motion and Motion, the attached

14

Memorandum of Points and Authorities, and on such other materials and evidence as may be

15

presented to the Court.

16

17

    Dated:  June 2, 2014          O'MELVENY & MYERS LLP

18

                              By:  _/s/ Luann L. Simmons_____

19

                                Luann L. Simmons

20

                            Attorneys for Defendant
                            **APPLE INC.**

21

22

23

24

25

26

27

28

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND ISSUES TO BE DECIDED**

Plaintiffs OpenTV and Nagravision ("Plaintiffs") allege that Apple Inc. indirectly infringes all five patents asserted in this action.  Plaintiffs fail, however, to allege any facts to support their claims, and instead merely mimic the legal elements of induced and contributory infringement in conclusory, boilerplate allegations.

In support of their inducement claims, Plaintiffs allege that Apple provides instructions and technical support to customers and developers, without alleging facts supporting the contention that Apple knew its customers' or developers' acts constituted infringement or that Apple specifically intended such infringement.  In support of their contributory infringement claims, Plaintiffs similarly rely on conclusory assertions that parrot required claim elements but fail to allege facts supporting allegations that the accused products have no substantial non-infringing uses, are material to practicing any claimed invention, or are known by Apple to be especially made or especially adapted for use in infringement.  In fact, it is implausible that the diverse products accused —including iPhones, iPads, iPods, Apple TV, and Mac computers— have no substantial uses other than to perform the specific functionality claimed in the asserted patents.  Courts in this District regularly dismiss conclusory allegations like Plaintiffs' as insufficient to plausibly state claims for indirect infringement.  Because Plaintiffs' boilerplate assertions are insufficient to meet the plausibility test for surviving a motion to dismiss under Rule 12(b)(6), this Court should dismiss Plaintiffs' indirect infringement claims.

In addition, Plaintiffs' indirect infringement claims are based on Apple's knowledge of the patents since at least the filing of the Amended Complaint.  To the extent Plaintiffs are permitted to pursue these claims, Plaintiffs' claims must be limited to Apple's post-filing conduct.

**II.     STATEMENT OF RELEVANT FACTS**

On April 10, 2014, Plaintiffs filed a First Amended Complaint alleging Apple directly and indirectly infringes U.S. Patent Nos. 5,689,799 ("'799 Patent"), 5,884,033 ("'033 Patent"), 5,566,287 ("'287 Patent"), 6,985,586 ("'586 Patent"), and 7,900,229 ("'229 Patent") (collectively, "Asserted Patents").  (Dkt. No. 8; cited as "FAC.")

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST

1    Plaintiffs accuse a broad range of Apple products and services, including (1) mobile

2   devices that run Apple's iOS operating system, such as iPhone, iPad, and iPod touch;

3   (2) computers that run Apple's OS X operating system; (3) Apple TV; and (4) Apple software

4   and services such as iTunes, App Store, iTunes Radio, iAd, and Safari.  (*See* FAC ¶ 3.)

5    Plaintiffs allege direct and induced infringement of each Asserted Patent and contributory

6   infringement of the '799, '586, and '229 Patents.  Plaintiffs allege Apple had knowledge of each

7   Asserted Patent and of Apple's alleged infringement "since at least, and through, the filing and

8   service of [the] Amended Complaint."  (FAC ¶¶ 58, 67, 75, 83, 92.)  In support of their

9   inducement claims, Plaintiffs assert boilerplate allegations that Apple induces infringement by

10   providing instructions and technical support for accused products and services.  (*Id.* ¶¶ 59, 68, 76,

11   84, 93.)  Plaintiffs include similar conclusory allegations in support of their contributory

12   infringement claims, asserting that the accused products were specifically designed to operate in

13   an infringing manner and have no substantial non-infringing uses.  (*Id.* ¶¶ 60, 85, 94.)  Plaintiffs

14   do not allege willful patent infringement.

15   **III.    ARGUMENT**

16   **A.    Legal Standards**

17    A complaint should be dismissed where it fails to include sufficient facts to "state a claim

18   to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A sufficient

19   claim requires more than labels, conclusions, or recitation of the elements of a cause of action.

20   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint should include factual

21   allegations that are "enough to raise a right to relief above the speculative level."  *Id.*  While well-

22   pleaded facts are accepted as true for purposes of a motion to dismiss, a court need not accept as

23   true "legal conclusion[s] couched as . . . factual allegation[s]."  *Id.*; *see also Daniels-Hall v. Nat'l*

24   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

25   **B.    Because Plaintiffs Fail to Plausibly Plead Indirect Patent Infringement,**
         **Plaintiffs' First through Fifth Claims for Relief Should Be Dismissed**

26

27    Plaintiffs fail to adequately plead claims of induced or contributory patent infringement

28   for any asserted patent.  The Federal Circuit held in *Bill of Lading* that indirect patent

3

1  infringement pleadings must meet the plausibility standards set by *Iqbal* and *Twombly*. *In re Bill*
2  *of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333, 1336-37 (Fed. Cir.
3  2012). Plaintiffs' allegations fail to meet the plausibility standard because Plaintiffs fail to plead
4  sufficient facts to support the allegations that (1) Apple possessed the specific intent to induce
5  infringement or had knowledge that its customers' acts constituted infringement (to plausibly
6  support Plaintiffs' induced infringement claims) and (2) the accused products have no substantial
7  non-infringing uses, are material to practicing any claimed invention, and are known by Apple to
8  be especially made or especially adapted for use in infringement (to plausibly support Plaintiffs'
9  contributory infringement claims).

10  **1.    Plaintiffs Fail to Adequately Plead Induced Infringement**

11        To survive a motion to dismiss, a claim of induced infringement "must contain facts
12  plausibly showing that [the defendant] specifically intended [its] customers to infringe the
13  [patent] and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at
14  1339; 35 U.S.C. § 271(b). Specific intent "requires more than just intent to cause the acts that
15  produce direct infringement. Beyond that threshold knowledge, the inducer must have an
16  affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293,
17  1306 (Fed. Cir. 2006). *See also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068
18  (2011) ("induced infringement under § 271(b) requires knowledge that the induced acts constitute
19  patent infringement").

20        Plaintiffs fail to plausibly allege that Apple specifically intended its customers or
21  developers to infringe any Asserted Patent or knew that the acts of its customers and developers
22  constituted infringement. Plaintiffs instead generally allege that Apple provides product manuals
23  and technical support for accused products:

24        • **'799 Patent**. Plaintiffs allege that Apple provides (a) software that app developers
25          and users can use for In-App Purchases and (b) support and technical assistance,
26          specifications, promotional literature, user manuals, and other materials that promote
27          or demonstrate the use of the accused products. (FAC ¶ 59.)

28

4

- **'033 Patent**.  Plaintiffs allege that Apple provides (a) parental control and firewall features and (b) support and technical assistance, specifications, promotional literature, user manuals, and other materials that promote or demonstrate the use of the accused products.  (FAC ¶ 68.)

- **'287 Patent**.  Plaintiffs allege that Apple provides (a) iOS devices with software elements for drawing objects and views in the user interface and (b) support and technical assistance, specifications, promotional literature, user manuals, and other materials that promote or demonstrate the use of the accused products.  (FAC ¶ 76.)

- **'586 Patent**.  Plaintiffs allege that Apple provides (a) iOS devices, Apple TV, and Mac OS X devices, all natively installed with iTunes and AirPlay, that allow streaming media content, including secured content, to be shared between devices and (b) support and technical assistance, specifications, promotional literature, user manuals, and other materials that promote or demonstrate the use of the accused products.  (FAC ¶ 84.)

- **'229 Patent**.  Plaintiffs allege that Apple provides (a) Apple's iAd service and software components to obtain information about user demographics and preferences and to display targeted advertisements on Apple iOS devices, Mac OS X devices, and Apple TV and (b) support and technical assistance, specifications, promotional literature, user manuals, and other materials that promote or demonstrate the use of the accused products.  (FAC ¶ 93.)

Plaintiffs' allegations demonstrate only that Apple sells, advertises, and supports its products.  Absent are facts to support Plaintiffs' boilerplate conclusions that Apple intended for developers and customers to infringe the Asserted Patents and knew that its customers' and developers' acts would infringe.  Plaintiffs' allegations are precisely the kind of conclusory allegations that carry no assumption of truth under *Iqbal* and *Twombly*.  Courts in this and other districts regularly dismiss inducement claims premised on nothing more than the provision of product instructions and promotional materials.  For example, in *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, this Court dismissed an inducement claim based on allegations that Garmin

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST

1  provided "specific instructions or training" to infringe because the allegations were unsupported

2  "conclusions couched in factual allegations." No. 11–04049 JW, 2012 WL 2343163, at *4 (N.D.

3  Cal. June 5, 2012); *see also Grobler v. Sony Computer Entm't Am. LLC*, No. 5:12–CV–01526–

4  LHK, 2013 WL 308937, at *1-3 (N.D. Cal. Jan. 25, 2013) (finding allegations that Sony

5  advertised a feature and provided instructions were insufficient in the absence of facts plausibly

6  supporting that Sony "specifically intended their customers to infringe" and "knew that the

7  customer's act constituted infringement"); *CreAgri, Inc. v. Pinnaclife Inc.*, No. 5:11–CV–06635–

8  LHK, 2013 WL 11569, at *4 (N.D. Cal. Jan. 1, 2013) (dismissing inducement claim, noting that

9  plaintiff must provide more specificity regarding the documents alleged to have induced

10 infringement). Plaintiffs' allegations here show only that Apple provided other parties with

11 "'instruction' and 'training' in the use of [Apple's] own products," which is insufficient to show

12 inducement. *Avocet Sports Tech., Inc.*, 2012 WL 2343163, at *4. *And see Cronos Techs., LLC v.*

13 *Camping World Inc*., 2013 U.S. Dist. LEXIS 106336 (W.D. Ky. July 29, 2013) (dismissing

14 inducement claim premised on an allegation that the accused infringer "provid[ed] instructions

15 . . . on how to use the accused products").

16        In addition, Plaintiffs' inducement claims fail for the independent reason that Plaintiffs

17 fail to clearly identify any one person that performs all method steps to directly infringe. For

18 Apple to induce infringement, there must be direct infringement "attributable to the same

19 defendant, either because the defendant actually performed those steps or because [the defendant]

20 directed or controlled others who performed them." *Limelight Networks, Inc. v. Akamai Techs.,*

21 *Inc.*, No. 12–786, 572 U.S. ___, 2014 WL 2440535, at *4 (June 2, 2014) (citing *Muniauction,*

22 *Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-30 (2008)). "[T]here has simply been no

23 infringement" of a method claim, where "performance of all the patent's steps is not attributable

24 to any one person." *Id.* Here, Plaintiffs do not assert that any one person performs all of the

25 method steps of any claim of any asserted patent. Instead, Plaintiffs assert that various third

26 parties such as customers, app developers, or consumers "directly or jointly infringe" asserted

27 patents (FAC ¶¶ 59, 76, 84, 93), or Plaintiffs vaguely state, "Customers of these products or

28 services then infringe." (*Id.* ¶ 68).

1    Plaintiffs' inducement claims should therefore be dismissed.

2         **2.    Plaintiffs Fail to Adequately Plead Contributory Infringement**

3         Plaintiffs' contributory infringement claims are similarly devoid of supporting facts.  To

4    plausibly allege contributory infringement, Plaintiffs must allege facts supporting that Apple sells

5    or offers to sell "a material or apparatus for use in practicing a patented process, and that

6    'material or apparatus' is material to practicing the invention, has no substantial non-infringing

7    uses, and is known by [Apple] 'to be especially made or especially adapted for use in an

8    infringement of such patent.'"  *Bill of Lading*, 681 F.3d at 1337; 35 U.S.C. § 271(c).  To analyze

9    whether a product has "no substantial non-infringing uses," "the inquiry focuses on whether the

10   accused products can be used for purposes *other than* infringement."  *Bill of Lading*, 681 F.3d at

11   1338.  Claims are deficient when they merely allege "no substantial non-infringing use" but fail

12   to plead facts supporting that accused products "can perform the infringing method and ***only*** the

13   infringing method."  *Id.*

14        Plaintiffs' allegations for the '799, '586, and '229 Patents equally fail to plausibly support

15   the elements of contributory infringement.  For each patent, Plaintiffs provide a high-level

16   characterization of the accused functionality and then simply assert, as conclusions without

17   factual support, that accused products meet the required elements because accused products

18   allegedly infringe asserted patents:

19   - **'799 Patent**.  Plaintiffs allege that Apple provides "software components incorporated

20        with third party applications installed and executed on one or more Apple iOS and

21        Mac OS X device to facilitate the purchasing of content within an application with

22        knowledge that use . . . would infringe the '799 Patent"; that accused software

23        components "constitute a material part of the invention claimed by the '799 Patent at

24        least because such software components . . . are specifically programmed to operate in

25        a manner that infringes"; and that accused software components "are separable from

26        Apple's products and are not staple articles or commodities of commerce suitable for

27        substantial non-infringing use because these software components necessarily operate

28        in a manner that infringes."  (FAC ¶ 60.)

7

- **'586 Patent**.  Plaintiffs allege that Apple provides "iOS devices, Apple TV, and Mac OS X devices natively installed with iTunes contain[ing] infringing software components . . . which are designed to allow secure content streaming between Apple devices"; that accused components "are especially made or especially adapted for use in infringement"; and that accused products "are not staple articles or commodities of commerce suitable for substantial non-infringing use . . . at least because iTunes working in conjunction with FairPlay, AirPlay or Home Sharing streams content between devices in a manner that infringes."  (FAC ¶ 85.)

- **'229 Patent**.  Plaintiffs allege that Apple provides "iAd service working in conjunction with iTunes, App Store and iRadio [sic]" which "targets advertisements to iOS, Mac OS X, and AppleTV [sic] device users based on the user's activities"; that Apple allegedly knows the service "is especially made or especially adapted for use in infringement"; and that "the accused iAd service is not a staple article or commodity of commerce suitable for substantial non-infringing use . . . at least because iAds [sic] . . . targets advertisements to iOS, Mac OS X, and AppleTV device users based on the user's activities in a manner that infringes."  (FAC ¶ 94.)

Regarding the requirement that the accused products have no substantial non-infringing uses, Plaintiffs rely on the illogical inference that the accused products have no non-infringing uses simply because they allegedly infringe the Asserted Patents.  For example, for the '799 Patent, Plaintiffs allege the accused software components are "not staple articles or commodities of commerce suitable for substantial non-infringing use *because these software components necessarily operate in a manner that infringes the '799 Patent*."  (FAC ¶ 60 (emphasis added).)  Even if the software did "necessarily operate in a manner that infringes"—an allegation Plaintiffs fail to support—it would not follow that the products have no substantial non-infringing uses. Plaintiffs cannot plausibly support that the accused products can perform "only the infringing method" by simply stating that the products infringe the patent.  And while Plaintiffs suggest the accused software components are "separable" from Apple's products, Plaintiffs fail to identify what the allegedly "separable" accused software components are and ignore their other

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST

allegations that broadly accuse "products, equipment, software and/or services that practice one or more claims of the '799 Patent, including without limitation Apple's App Store, Apple's Software Development Kit (SDK), and Apple's Store Kit Framework."  (FAC ¶ 57.)  Plaintiffs' allegations for the '586 and '229 Patents similarly conclude that the accused products have no substantial non-infringing uses because they operate "in a manner that infringes."  (*See id*. ¶¶ 85, 91.)

Courts in this District regularly dismiss contributory infringement claims for similar pleading deficiencies.  *See, e.g.*, *Fuzzysharp Techs. Inc. v. NVIDIA Corp.*, No. 12-CV-06375-JST, 2013 WL 2249707, at *2 (N.D. Cal. Apr. 18, 2013) (dismissing contributory infringement claim because complaint failed to allege sufficient facts to support a reasonable inference that the defendant's product had no non-infringing uses); *Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*, No. 12–CV–04070–JST, 2013 WL 3462078, at *5 (N.D. Cal. July 8, 2013) (same).

In addition to being deficient, Plaintiffs' claims are implausible because the products and services Plaintiffs accuse, including Apple's App Store, iOS devices, Apple TV, and Mac OS X devices running iTunes, indisputably perform functions completely unrelated to the specific inventions Plaintiffs suggest are claimed in the asserted patents.  For example, Plaintiffs allege that the accused iPhone is a "smart*phone.*"  (FAC ¶ 39.)  Smartphones have significant and obvious non-infringing uses, such as making and receiving telephone calls, that do not involve in-app purchases, secure content streaming, or targeted advertisement functionalities.  Plaintiffs' allegations simply do not support that the broad range of accused products can perform "only the infringing method" claimed in each patent.  *Bill of Lading*, 681 F.3d at 1338.

Plaintiffs include similar boilerplate allegations that mirror the language of the elements without factual support for other elements of contributory infringement.  For example, Plaintiffs allege each accused product "is material to practicing the invention" because each product operates in a manner that infringes.  (FAC ¶¶ 60, 85, 94.)  And with respect to the requirement that each accused product is "known by [Apple] to be especially made or especially adapted for use in an infringement of such patent," Plaintiffs again only parrot the element language or ignore the element entirely.  (*See id*.)

1    Because Plaintiffs' conclusory allegations do not constitute plausible factual support, their

2    contributory infringement claims should be dismissed.

3    C.    **Because Plaintiffs Fail to Plead Pre-Suit Knowledge, Plaintiffs' Indirect Infringement Claims Must Be Limited to Post-Filing Conduct**

4

5    Plaintiffs' indirect infringement claims are based solely on Apple's knowledge "since at

6    least, and through, the filing and service of [the] Amended Complaint."  (FAC ¶¶ 58, 67, 75, 83,

7    92.)  While courts in this District allow plaintiffs to rely on filing and service of a complaint for

8    notice of the asserted patents, plaintiffs' indirect infringement claims in such cases are limited to

9    post-filing conduct.  *See, e.g.*, *Bascom Research LLC v. Facebook, Inc.*, No. 12–6293, 2013 WL

10    968210, at *4 (N.D. Cal. Mar. 12, 2013) ("If [plaintiff] alleges that defendants' knowledge is

11    based on the filing of the complaints, [plaintiff's] claims for induced infringement will be limited

12    to post-filing conduct.").  Therefore, to the extent this Court permits Plaintiffs to amend their

13    indirect infringement claims or otherwise proceed on those claims, the claims should be limited to

14    Apple's post-filing conduct.

15    **IV.    CONCLUSION**

16    Courts require plaintiffs to plausibly plead indirect patent infringement in part to prevent

17    "a plaintiff armed with nothing more than conclusions" from proceeding to discovery on

18    unsupported claims.  *Iqbal*, 556 U.S. at 678-79.  Because Plaintiffs' indirect infringement claims

19    here include no supporting facts and are "nothing more than conclusions," Apple respectfully

20    requests that the Court dismiss Plaintiffs' claims for induced and contributory infringement.  To

21    the extent Plaintiffs are permitted to pursue their indirect infringement claims, Apple requests that

22    the Court limit those claims to Apple's post-filing conduct.

23

24    Dated:  June 2, 2014              O'MELVENY & MYERS LLP

              By:   _/s/ *Luann L. Simmons*_____

25              Attorneys for Defendant
              **APPLE INC.**

26

27

28

APPLE'S MOTION TO DISMISS
3:14-CV-01622-JST