Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Gerald F. Ivey (*pro hac vice*)
Smith R. Brittingham IV (*pro hac vice*)
Elizabeth A. Niemeyer (*pro hac vice*)
John M. Williamson (*pro hac vice*)
Aliza A. George (*pro hac vice*)
Robert D. Wells (SBN 277903)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:     (202) 408-4000
Facsimile:      (202) 408-4400

Stephen E. Kabakoff (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Telephone:     (404) 653- 6400
Facsimile:      (404) 653-6444

*Attorneys for Plaintiffs*
OpenTV, Inc. and Nagravision, SA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., AND NAGRAVISION, SA | CASE NO. 3:14-cv-01622-JST (KAW) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| APPLE, INC., | |
| Defendant. | |

1          Plaintiffs OpenTV and Nagravision, SA ("Plaintiffs") and Defendant Apple Inc.

2    ("Defendant") through their counsel, hereby stipulate, subject to the approval of the Court, to enter

3    the Stipulated Protective Order, which was prepared by Plaintiffs and Defendant pursuant to and in

4    conformance with Order No. 75.

5          This stipulation is supported by the accompanying Declaration of Robert F.

6    McCauley, counsel for Plaintiffs.

7          Plaintiffs OpenTV and Nagravision, SA ("Plaintiffs") and Defendant Apple Inc.

8    ("Defendant") anticipate that documents, testimony, or information containing or reflecting

9    confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be

10   disclosed or produced during the course of discovery, initial disclosures, and supplemental

11   disclosures in this case and request that the Court enter this Order setting forth the conditions for

12   treating, obtaining, and using such information.

13         WHEREAS, the Parties seek a protective order limiting disclosure thereof in

14   accordance with Federal Rule of Civil Procedure 26(c):

15       **1.**     **PURPOSES AND LIMITATIONS**

16         (a)     Protected Material designated under the terms of this Protective Order shall be

17   used by a Receiving Party solely for this case and any related appellate proceeding, and shall not be

18   used directly or indirectly for any other purpose whatsoever.

19         (b)     The Parties acknowledge that this Order does not confer blanket protections

20   on all disclosures during discovery, or in the course of making initial or supplemental disclosures

21   under Rule 26(a). Designations under this Order shall be made with care and shall not be made

22   absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes

23   to a Producing Party's attention that designated material does not qualify for protection at all, or

24   does not qualify for the level of protection initially asserted, the Producing Party must promptly

25   notify all other Parties that it is withdrawing or changing the designation.

26       **2.**     **DEFINITIONS**

27         (a)     Designated House Counsel: House Counsel who seek access to "HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

(b)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(c)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(d)    "Patents-in-suit" means U.S. Patent Nos. 5,689,799 ("the '799 Patent"); 5,884,033 ("the '033 Patent"); 5,566,287 ("the '287 Patent"); 6,985,586 ("the '586 Patent"); and 7,900,229 ("the '229 Patent"), and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(e)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(f)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(g)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)    "Source Code" means computer code, scripts, assembly, object code, source code listings, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4. **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

1  proceedings, or any business or competitive purpose or function. Protected Material shall not be

2  distributed, disclosed, or made available to anyone except as expressly provided in this Order.

3          (b)    <u>Patent Prosecution Bar</u>.  Absent written consent from the Producing Party, any

4  individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY -

5  PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not

6  be involved in the prosecution of patents or patent applications relating to the subject matter of this

7  action, including without limitation the patents asserted in this action and any patent or application

8  claiming priority to or otherwise related to the patents asserted in this action, before any foreign or

9  domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For

10  purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending,

11  advising, or otherwise affecting the scope or maintenance of patent claims. (Prosecution includes, for

12  example, original prosecution, reissue, and reexamination proceedings.) To avoid any doubt,

13  "prosecution" as used in this paragraph does not include representing a party challenging a patent

14  before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

15  reexamination, or *inter partes* reexamination), but does include participating directly or indirectly in

16  drafting or amending patent claims in reexamination, inter partes review, post grant review, covered

17  business method review, or reissue proceedings on behalf of a patentee. This Prosecution Bar shall

18  begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY -

19  PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first

20  received by the affected individual and shall end two (2) years after final termination of this action.

21          (c)    <u>Secure Storage</u>.  Protected Material must be stored and maintained by a

22  Receiving Party at a location in the United States and in a secure manner that ensures that access is

23  limited to the persons authorized under this Order.  Except as provided herein, Protected Material

24  may not be exported outside the United States or released to any foreign national (even if within the

25  United States) who is not otherwise permitted access to Protected Material under this order. Outside

26  Counsel who are licensed to practice law within the United States may have access to Protected

27  Material under this order regardless of nationality. Outside Counsel, experts, and consultants who

28  are otherwise allowed access to Protected Materials  may access information designated

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR" during international travel either by travelling with such materials in encrypted form or remotely accessing such information using a secure connection.

(d)     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.     DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may

1  mark each viewable page or image with the appropriate designation, and mark the medium,

2  container, and/or communication in which the digital files were contained. In the event that original

3  documents are produced for inspection, the original documents shall be presumed "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as

5  appropriate, during the copying process.

6          (c)     Native Files.  Where electronic files and documents are produced in native

7  electronic format, such electronic files and documents shall be designated for protection under this

8  Order by appending to the file names or designators information indicating whether the file contains

9  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "HIGHLY

11  CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" material, or shall

12  use any other reasonable method for so designating Protected Materials produced in electronic

13  format. When electronic files or documents are printed for use at deposition, in a court proceeding,

14  or for an expert or consultant pre-approved pursuant to Paragraphs 8(b)(iii), 9A(b)(iii), 9B(b)(ii), or

15  10(b)(ii), the party printing the electronic files or documents shall affix a legend to the printed

16  document corresponding to the designation of the Designating Party and including the production

17  number and designation associated with the native file. No one shall seek to use in this litigation a

18  .tiff, .pdf, or other image format version of a document produced in native file format without first

19  (1) providing a copy of the image format version to the Producing Party so that the Producing Party

20  can review the image to ensure that no information has been altered, and (2) obtaining the consent of

21  the Producing Party, which consent shall not be unreasonably withheld.

22          (d)     Depositions and Testimony.  Parties or testifying persons or entities may

23  designate depositions and other testimony with the appropriate designation by indicating on the

24  record at the time the testimony is given or by sending written notice of how portions of the

25  transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the

26  testimony or as otherwise agreed by the parties. If no indication on the record is made, all

27  information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as

6

provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

### 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the

Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor in the relevant market of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor in the relevant market of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv)    Witnesses at deposition and/or trial for the Producing Party of the Protected Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Order;

(v)    With respect to a particular document, witnesses at deposition and/or trial who are shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of the Protected Material unless permitted by other provisions of the Order;

(vi)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(vii)    The Court, jury, and court personnel;

(viii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

1              (x)     Any mediator who is assigned to hear this matter, and his or her staff,

2    subject to their agreement to maintain confidentiality to the same degree as required by this

3    Protective Order; and

4              (xi)    Any other person with the prior written consent of the Producing

5    Party.

6       **9A.**   **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY**

7    **CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

8             (a)     A Producing Party may designate Discovery Material as "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

10   extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that

11   the disclosure of such Discovery Material is likely to cause economic harm or significant

12   competitive disadvantage to the Producing Party. The Parties agree that the following information, if

13   non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or

15   marketing forecasts or plans, business plans, sales or marketing strategy, product development

16   information, engineering documents, testing documents, employee information, and other non-public

17   information of similar competitive and business sensitivity.

18             (b)     Unless otherwise ordered by the Court, Discovery Material designated as

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

20             (i)     The Receiving Party's Outside Counsel, provided that such Outside

21   Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

22   730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market

23   of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical

24   litigation support services working at the direction of such counsel, paralegals, and staff;

25             (ii)    Designated House Counsel of the Receiving Party (1) who has no

26   involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this

27   litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

28   (4) as to whom the procedures set forth in Paragraph 12, below, have been followed;

9

1     (iii)  Any outside expert or consultant retained by the Receiving Party to

2 assist in this action, provided that disclosure is only to the extent necessary to perform such work;

3 and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

4 Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

5 officer, director, or employee of a Party or of a competitor in the relevant market of a Party, nor

6 anticipated at the time of retention to become an officer, director, or employee of a Party or of a

7 competitor in the relevant market of a Party; (c) such expert or consultant is not involved in

8 competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3

9 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market of a Party; and (d) no

10 unresolved objections to such disclosure exist after proper notice has been given to all Parties as set

11 forth in Paragraph 12 below;

12     (iv)  Witnesses at deposition and/or trial for the Producing Party of the

13 Protected Material, provided that such witnesses may not retain copies of Protected Material unless

14 permitted by other provisions of this Order;

15     (v)  With respect to a particular document, witnesses at deposition and/or

16 trial who are shown on the face of the document to have been an author, source, or recipient of the

17 document, provided that such witnesses may not retain copies of the Protected Material unless

18 permitted by other provisions of the Order;

19     (vi)  Court reporters, stenographers, and videographers retained to record

20 testimony taken in this action;

21     (vii)  The Court, jury, and court personnel;

22     (viii)  Graphics, translation, design, and/or trial consulting personnel, having

23 first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

24     (ix)  Any mediator who is assigned to hear this matter, and his or her staff,

25 subject to their agreement to maintain confidentiality to the same degree as required by this

26 Protective Order; and

27     (x)  Any other person with the prior written consent of the Producing

28 Party.

**9B.**   **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR"**

(a)   A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR" if it contains or reflects technical information that is extremely confidential and/or sensitive in nature relating to new products or products under development and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party and presents a risk of use, whether inadvertent or intentional, in the course of prosecuting patents in a related field for an entity other than the Producing Party.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - PROSECUTION BAR" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor in the relevant market of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor in the relevant market of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market of a Party;  and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

1     (iii) Witnesses at deposition and/or trial for the Producing Party of the

2 Protected Material, provided that such witnesses may not retain copies of Protected Material unless

3 permitted by other provisions of this Order;

4     (iv) With respect to a particular document, witnesses at deposition and/or

5 trial who are shown on the face of the document to have been an author, source, or recipient of the

6 document, provided that such witnesses may not retain copies of the Protected Material unless

7 permitted by other provisions of the Order;

8     (v) Court reporters, stenographers, and videographers retained to record

9 testimony taken in this action;

10     (vi) The Court, jury, and court personnel;

11     (vii) Graphics, translation, design, and/or trial consulting personnel, having

12 first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

13     (viii) Any mediator who is assigned to hear this matter, and his or her staff,

14 subject to their agreement to maintain confidentiality to the same degree as required by this

15 Protective Order; and

16     (ix) Any other person with the prior written consent of the Producing

17 Party.

18   **10.**  **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY**

19 **CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

20   (a) To the extent production of Source Code becomes necessary to the

21 prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY

22 CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or

23 includes confidential, proprietary, and/or trade secret Source Code.

24   (b) Nothing in this Order shall be construed as a representation or admission that

25 Source Code is properly discoverable in this action, or to obligate any Party to produce any Source

26 Code.

27   (c) Unless otherwise ordered by the Court, Discovery Material designated as

28 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-01622-JST (KAW)

be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor in the relevant market of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor in the relevant market of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor in the relevant market of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Witnesses at deposition and/or trial who are identified by the Producing Party as individuals permitted to have access to the Producing Party's Source Code (which includes approved experts and consultants), provided that such witnesses may not retain copies of Protected Material unless permitted by other provision of this Order;

(iv)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

13

1    (vi)    Any mediator who is assigned to hear this matter, and his or her staff,

2    subject to their agreement to maintain confidentiality to the same degree as required by this

3    Protective Order; and

4    (vii)    Any other person with the prior written consent of the Producing

5    Party.

6    **11.    DISCLOSURE AND REVIEW OF SOURCE CODE**

7    (a)    Any Source Code that is produced by Plaintiffs shall be made available for

8    inspection in electronic format at the Palo Alto, California office of its outside counsel, Finnegan,

9    Henderson, Farabow, Garrett & Dunner, LLP, or any other location mutually agreed by the Parties.

10    Any Source Code that is produced by Apple Inc. will be made available for inspection at the San

11    Francisco, California office of its outside counsel, O'Melveny & Myers LLP, or any other location

12    mutually agreed by the Parties. Source Code will be made available for inspection between the hours

13    of 8 a.m. and 6 p.m. (local time) on business days (i.e., weekdays that are not Federal holidays),

14    although the Parties will be reasonable in accommodating reasonable requests to conduct inspections

15    at other times.

16    (b)    Before the first inspection of any requested Source Code, the Receiving Party

17    shall provide thirty (30) days notice of the Source Code that it wishes to inspect. The Receiving

18    Party shall provide two (2) business days notice before any subsequent inspections.

19    (c)    Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE

20    ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review

21    subject to the following provisions, unless otherwise agreed by the Producing Party:

22    (i)    All Source Code shall be made available by the Producing Party to the

23    Receiving Party's outside counsel and/or experts in a secure room on at least three secured

24    computers without Internet access or network access to other computers and on which all access

25    ports have been disabled (except for one printer port), as necessary and appropriate to prevent and

26    protect against any unauthorized copying, transmission, removal, or other transfer of any Source

27    Code outside or away from the computer on which the Source Code is provided for inspection (the

28    "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall produce

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-01622-JST (KAW)

1   Source Code in its native file format, organized as used in the ordinary course of the Producing

2   Party's business, and in a computer searchable format on each Source Code Computer. The

3   Producing Party shall provide the Receiving Party with information explaining how to start, log on

4   to, and operate the Source Code Computers to access the produced Source Code. The Producing

5   Party shall install tools that are sufficient for viewing and searching the code produced on each

6   Source Code Computer, on the platform produced, if such tools exist, are reasonably available to the

7   Producing Party, and are presently used in the ordinary course of the Producing Party's business.

8   The Receiving Party's outside counsel and/or experts may request that commercially available

9   software tools for viewing and searching Source Code be installed on the secured computer,

10   provided, however, that (a) the Receiving Party possesses an appropriate license to such software

11   tools; (b) the Producing Party approves such software tools (such approval not to be unreasonably

12   withheld); and (c) such other software tools are reasonably necessary for the Receiving Party to

13   perform its review of the Source Code consistent with all of the protections herein. The Receiving

14   Party must provide the Producing Party with the CD or DVD containing such licensed software

15   tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to

16   have the additional software tools available for use on the Source Code Computer.

17                    (ii)      No recordable media or recordable devices, including without

18   limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs,

19   DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. In addition to

20   the Source Code Computer, the Producing Party shall make available a Notetaking Computer for

21   purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to

22   the Source Code. The Producing Party shall install at least one current, widely-used word processing

23   program for the sole purpose of note-taking on the Notetaking Computer. The Receiving Party's

24   outside counsel and/or experts may not copy the Source Code into the notes. The Producing Party

25   shall make available a laser printer with commercially reasonable printing speeds for on-site printing

26   of notes taken on the Notetaking Computer. Electronic copies of notes may be downloaded to a

27   removable disk or drive for the Receiving Party to retain.  No other computer is permitted in the

28   Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any unauthorized way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print portions of the Source Code when necessary, including to prepare court filings, pleadings, expert reports, or other papers, or for deposition or trial. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when reasonably necessary to prepare court filings, pleadings, a testifying expert's expert report, to prepare a witness for deposition, or for deposition preparation, subject to the provisions of Paragraph 11(c)(xi) below. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within five (5) calendar days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was

1    printed for a permitted purpose. The burden shall be on the Producing Party to demonstrate that such

2    printed portions are unreasonable and merely printed for the purposes of review and analysis

3    elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing

4    Party in this action.

5                    (vi)    All persons who will review a Producing Party's Source Code on

6    behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be

7    identified in writing to the Producing Party at least five (5) days in advance of the first time that such

8    person reviews such Source Code. Such identification shall be in addition to any other disclosure

9    required under this Order. All persons viewing Source Code shall sign on each day they view Source

10   Code a log that will include the names of persons who enter the locked room to view the Source

11   Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon

12   three (3) business day's advance notice to the Receiving Party.

13                   (vii)    Unless otherwise agreed in advance by the Parties in writing,

14   following each day on which inspection is done under this Order, the Receiving Party's outside

15   counsel and/or experts shall remove all notes, documents, and all other materials from the Source

16   Code Review Room. The Producing Party shall not be responsible for any items left in the room

17   following each inspection session, and the Receiving Party shall have no expectation of

18   confidentiality for any items left in the room following each inspection session without a prior

19   agreement to that effect.  Proper identification of all authorized persons shall be provided prior to

20   any access to the secure room or the computer containing Source Code.  Proper identification

21   requires showing, at a minimum, a photo identification card sanctioned by the government of any

22   State of the United States, by the government of the United States, or by the nation state of the

23   authorized person's current citizenship. Access to the secure room or the Source Code Computer

24   may be denied, at the discretion of the supplier, to any individual who fails to provide proper

25   identification.

26                   (viii)    Other than as provided above, the Receiving Party will not copy,

27   remove, or otherwise transfer any Source Code from the Source Code Computer including, without

28   limitation, copying, removing, or transferring the Source Code onto any recordable media or

1    recordable device. The Receiving Party will not transmit any Source Code in any way from the

2    Producing Party's facilities or the offices of its outside counsel of record.

3                    (ix)    The Receiving Party's outside counsel of record may make no more

4    copies than necessary of any portions of the Source Code received from a Producing Party pursuant

5    to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall

6    maintain a log of all paper copies of the Source Code. The log shall include the names of the

7    reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon

8    three (3) business day's advance notice to the Receiving Party by the Producing Party, the Receiving

9    Party shall provide a copy of this log to the Producing Party.

10                   (x)    The Receiving Party's outside counsel of record and any person

11   receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at

12   their offices in a manner that prevents duplication of or unauthorized access to the Source Code,

13   including, without limitation, storing the Source Code in a locked room or cabinet at all times when

14   it is not in use.

15                   (xi)    For depositions, the Receiving Party of Source Code shall notify the

16   Producing Party at least ten (10) days before the date of the deposition that the Receiving Party

17   intends to use Source Code at the deposition, in which case the Producing Party shall bring one copy

18   of all Source Code printed by the Receiving Party, organized by Bates number.  The Receiving

19   Party's outside counsel is entitled to bring to the deposition one work copy of any printed Source

20   Code to reference at the deposition, and the work copy shall remain in outside counsel's possession

21   at all times. Copies of Source Code that are marked as deposition exhibits shall not be provided to

22   the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the

23   exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall

24   remain with the Producing Counsel's outside counsel for secure destruction in a timely manner

25   following the deposition.

26                   (xii)    Except as provided in this sub-paragraph, absent express written

27   permission from the Producing Party, the Receiving Party may not create electronic images, or any

28   other images, or make electronic copies, of the Source Code from any paper copy of Source Code

for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code except as necessary for Court filings). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, as part of the Parties' meet and confer process, the Receiving Party shall indicate the general number of pages of source code it anticipates including as part of the filing. If the Producing Party believes the number of pages is unreasonable, the Producing Party will file a motion seeking a Protective Order and the specific source code will be provided to the Court upon resolution of the motion for a Protective Order. The Receiving Party's motion, however, may refer to the proposed source code exhibit by production number. Any party attaching source code to a submission or substantively disclosing the content of the source code in a motion, shall seek leave under Local Rule 79-5 to file such source code under seal.   If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy may be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

## 12.   NOTICE OF DISCLOSURE

(a)(1)   Before disclosing any Protected Material to any person described in Paragraph 8(b)(iii), 9A(b)(iii), 9B(b)(ii), or 10(c)(ii), the Party seeking to disclose such information shall

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-01622-JST (KAW)

provide the Producing Party with written notice that includes:  (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's current and past (within the last 8 years) employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; (v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; (vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; and (vii) a signed copy of Exhibit A. The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities within the last 4 years reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material.

(a)(2)   Before disclosing any Protected Material to any person described in Paragraph 8(b)(ii) or 9A(b)(ii), the Party seeking to disclose such information shall provide the Producing Party with written notice that (1) sets forth the full name of the representative of the Receiving Party or Designated House Counsel and the city and state of his or her residence, and (2) describes the representative of the Receiving Party's or Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(b)      Within fourteen (14) calendar days of receipt of the disclosure of the Person described in Paragraph 8(b)(ii), 8(b)(iii), 9A(b)(ii), 9A(b)(iii), 9B(b)(ii), or 10(c)(ii), the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the 14-day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this 14-day period. If the Producing Party objects to disclosure to the Person within such 14-day period, the Parties shall meet and confer via telephone or in person within seven (7) calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure shall seek relief from the Court within five (5)

1  business days from the date of the meet and confer, otherwise the objection shall be deemed

2  withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question

3  until the Court resolves the objection.

4          (c)    For purposes of this section, "good cause" shall include an objectively

5  reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected

6  Materials in a way or ways that are inconsistent with the provisions contained in this Order.

7          (d)    Before receiving any Protected Material under this Order, the Person must

8  execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto), which must

9  be served on all Parties.

10          (e)    An initial failure to object to a Person under this Paragraph 12 shall not

11  preclude the non-objecting Party from later objecting to continued access by that Person for good

12  cause. If an objection is made, the Parties shall meet and confer via telephone or in person within

13  seven (7) calendar days following the objection and attempt in good faith to resolve the dispute

14  informally. If the dispute is not resolved, the Party making the objection will have five (5) business

15  days from the date of the meet and confer to seek a protective order from the Court. The designated

16  Person may continue to have access to information that was provided to such Person before the date

17  of the objection. If a later objection is made, no further Protected Material shall be disclosed to the

18  Person until the Court resolves the matter or the Producing Party withdraws its objection.

19  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within

20  seven (7) business days after the meet and confer, further Protected Material may thereafter be

21  provided to the Person.

22        **13.**    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

23          (a)    A Party shall not be obligated to challenge the propriety of any designation of

24  Discovery Material under this Order at the time the designation is made, and a failure to do so shall

25  not preclude a subsequent challenge thereto.

26          (b)    Any challenge to a designation of Discovery Material under this Order shall

27  be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the

28  documents or information that the Receiving Party contends should be differently designated, and

shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)       The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The entry of this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14.   SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 15.   FILING PROTECTED MATERIAL

(a)      Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Civil Local Rule 79-5 for the United States District Court for the District of Northern California to seek leave to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 16.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material before production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 17.     INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) calendar days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) calendar days upon its notification to the Receiving Parties. Upon receiving the Protected Material

23

1  with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at

2  the Producing Party's option, all Discovery Material that was not designated properly.

3          (b)     A Receiving Party shall not be in breach of this Order for any use of such

4  Discovery Material before the Receiving Party receives the Discovery Material with the correct

5  confidentiality designation or to the extent the Receiving Party is unable to retrieve and limit access

6  to the Protected Material to the allowed persons. To the extent Discovery Material appears as if it

7  should have been appropriately designated with a confidentiality designation under this Order but

8  such Discovery Material is not so marked or appears to have been inappropriately marked, the

9  Receiving Party shall make all reasonable efforts to promptly notify the Producing Party of such

10  discrepancy. Once a Receiving Party has received notification of the correct confidentiality

11  designation for the Protected Material with the correct confidentiality designation, the Receiving

12  Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the

13  appropriately designated level pursuant to the terms of this Order.

14          (c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL,"

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL -

16  ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis.

18          **18.**     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

19          (a)     In the event of a disclosure of any Discovery Material pursuant to this Order

20  to any person or persons not authorized to receive such disclosure under this Protective Order, the

21  Party responsible for having made such disclosure, and each Party with knowledge thereof, shall

22  immediately notify counsel for the Producing Party whose Discovery Material has been disclosed

23  and provide to such counsel all known relevant information concerning the nature and circumstances

24  of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures

25  to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater

26  unauthorized disclosure and/or use thereof is made.

27          (b)     Unauthorized or inadvertent disclosure does not change the status of

28  Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code. To the extent any Source Code includes or reveals attorney work product, that Source Code may be destroyed and the Receiving Party may certify that such documents were destroyed.

20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Testifying experts shall not be subject to discovery with respect to any draft of their report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)      Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)      No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied

upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)-(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)     Nothing in this Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

### 21.   MISCELLANEOUS

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

1    (e)  <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in

2  this Protective Order shall be construed to change the burdens of proof or legal standards applicable

3  in disputes regarding whether particular Discovery Material is confidential, which level of

4  confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

5  should apply.

6    (f)  <u>Modification by Court</u>.  This Order is subject to further court order based

7  upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

8  interests of justice. The United States District Court for the Northern District of California is

9  responsible for the interpretation and enforcement of this Order. All disputes concerning Protected

10  Material, however designated, produced under the protection of this Order shall be resolved by the

11  United States District Court for the Northern District of California.

12    (g)  <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in

13  any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

14  United States District Court for the Northern District of California, or the Court's own orders.

15  Identification of any individual pursuant to this Protective Order does not make that individual

16  available for deposition or any other form of discovery outside of the restrictions and procedures of

17  the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

18  Northern District of California, or the Court's own orders.

19    **Filer's Attestation**: Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury

20  that concurrence in the filing of the document has been obtained from each of its signatories.

21    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22  Dated: November 4, 2014

23  O'MELVENY & MYERS LLP          FINNEGAN, HENDERSON, FARABOW,
                                    GARRETT & DUNNER, LLP
24

25  */s/ Luann L. Simmons*          */s/ Robert F. McCauley*

26  George A. Riley (S.B. #118304)          Gerald F. Ivey (*pro hac vice*)
    griley@omm.com                          Smith R. Brittingham IV (*pro hac vice*)
27  Luann L. Simmons (S.B. #203526)         Elizabeth A. Niemeyer (*pro hac vice*)
    lsimmons@omm.com                        John M. Williamson (*pro hac vice*)
28  Melody Drummond Hansen (S.B. #278786)   Aliza A. George (*pro hac vice*)

27

mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Ryan K. Yagura (S.B. #197619)
ryagura@omm.com
Vincent Zhou (S.B. #251969)
vzhou@omm.com
Kevin Murray (S.B. #275186)
kmurray2@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
**APPLE INC.**

Robert D. Wells (SBN 277903)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Stephen E. Kabakoff (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Telephone: (404) 653- 6400
Facsimile: (404) 653-6444

Attorneys for Plaintiffs
**OPENTV, INC. AND NAGRAVISION, SA**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 11/07/2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-01622-JST (KAW)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., AND NAGRAVISION, SA<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | CASE NO. 3:14-cv-01622-JST<br><br>**APPENDIX A**<br>**UNDERTAKING OF EXPERTS OR**<br>**CONSULTANTS REGARDING**<br>**PROTECTIVE ORDER** |

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *OpenTV, Inc. v. Apple Inc.*, United States District Court, District of Northern California, San Francisco Division, Civil Action No. 3:14-cv-01622-JST. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS
REGARDING PROTECTIVE ORDER
Case No. 3:14-cv-01622-JST