UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>     Defendant. | Case No. 14-cv-01622-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 156, 164 |

On April 22, 2015, Defendant Apple, Inc. filed an administrative motion to file under seal exhibit F to the declaration of Anne E. Huffsmith in support of Defendant's opposition to Plaintiffs OpenTV, Inc. and Nagravision, S.A.'s motion to supplement Patent Local Rule 3-2(b) production ("Exhibit"). Dkt. 156. The Exhibit had been designated as "Highly Confidential - Attorneys Eyes Only" pursuant to the Protective Order in this case. *Id.* On April 27, 2015, Plaintiffs filed an administrative motion to partially file the Exhibit under seal, as well as a declaration in support of that motion. Dkt. 164.

### I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure,

such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Plaintiffs' motion to supplement their Patent Local Rule 3-2(b) production is not

1  dispositive. Therefore, the Court applies the "good cause" standard to Plaintiffs' request to file the
2  Exhibit partially under seal.

## II.  DISCUSSION

Plaintiffs attest that the information contained in the portions of the Exhibit sought to be sealed "is confidential and proprietary information belonging to OpenTV, and is a trade secret related to OpenTV's invention management and product development processes." Fish Decl. ¶ 3. As a result, Plaintiffs state that disclosure of the redacted portions of the Exhibit "to the public or competitors would or could cause OpenTV commercial and competitive harm." *Id.*

The Court finds that Plaintiffs have shown good cause to partially seal the Exhibit by identifying the competitive and commercial harm that would result from the disclosure of trade secrets contained in the Exhibit. Furthermore, the Court finds that the proposed redaction is "narrowly tailored" to seal only sealable material. Civ. L.R. 79-5. Plaintiffs' motion is therefore GRANTED. Defendant's motion (Dkt. 156) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge