UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., et al.,<br>            Plaintiffs,<br>    v.<br>APPLE, INC.,<br>            Defendant. | Case No. 14-cv-01622-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 208 |

Pending before the Court is Defendant Apple, Inc.'s administrative motion to file under seal certain documents related to Defendant's motion to stay. Dkt. No. 208. Brian Platt, Director of IP Litigation at Plaintiff OpenTV, Inc.'s parent corporation, filed a declaration in support of Defendant's motion to seal. Dkt. No. 211 ("Platt Decl."). No opposition to the motion to seal was filed, and the time to do so has passed.

I.  **LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."

*Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendant's motion to stay is a nondispositive motion, the Court applies the "good cause" standard to Defendant's motion to seal.

2

## II. DISCUSSION

Defendant seeks to seal exhibits 2, 4, and 5 to the declaration of Luann L. Simmons in support of Defendant's reply in support of its motion to stay pending completion of IPR proceedings. Dkt. No. 208 at 1. Attached to the Platt declaration are proposed redactions of those exhibits. *See* Dkt. Nos. 211-1, 211-2, 211-3. Platt declares that "the redacted portions of these exhibits are information relating to [Plaintiff's] revenues, customers, and certain United States sales data," and that this information "is highly confidential and nonpublic information, disclosure of which to the public or competitors would cause [Plaintiff] commercial, competitive, and irreparable harm." Dkt. No. 211 ¶ 8. The Court finds that good cause exists to seal the redacted portions of the exhibits to the Platt declaration. *See Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-02590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (granting motion to seal documents containing confidential financial information). Furthermore, the Court finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.

Accordingly, the Court GRANTS the motion to seal the portions of exhibits 2, 4, and 5 to the declaration of Luann L. Simmons redacted by Plaintiff in the exhibits to the Platt declaration. Within four days of the date of this Order, Defendant shall (1) publicly file redacted versions of the exhibits; and (2) separately file under seal the unredacted versions of those exhibits.

**IT IS SO ORDERED.**

Dated: September 17, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge