UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENTV, INC., et al.,<br>   Plaintiffs,<br> v.<br>APPLE, INC.,<br>   Defendant. | Case No. 14-cv-01622-HSG<br><br>**ORDER EXTENDING STAY** |

On September 24, 2015, the Court granted Defendant Apple, Inc.'s motion to stay the case pending the Patent Trial and Appeal Board's ("PTAB") decision whether to institute *inter partes* review ("IPR") proceedings related to the patent claims asserted by Plaintiffs OpenTV, Inc. and Nagravision S.A. in this case. Dkt. No. 217. As of October 13, 2015, the PTAB has instituted IPR of all of the asserted patent claims in this case. For the reasons articulated below, the Court extends the stay of this action until those IPR proceedings are completed.

**I. BACKGROUND**

 **A. America Invents Act**

By enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation." 77 Fed. Reg. 48,680-01 (Aug. 14, 2014) (to be codified at 37 C.F.R. § 42.100 *et seq*). To that end, AIA created the IPR procedure, by which the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") may review the patentability of one or more claims in a patent. *See* 35 U.S.C. §§ 311-319. IPR replaces the previous *inter partes* reexamination procedure and converts the process from an examinational to an adjudicative one. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013).

IPR allows any party other than the patent owner to challenge patent validity under 35 U.S.C. § 102 or § 103 "on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(a)-(b). The petitioning party must establish "a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition" in order for the PTO to institute IPR. 35 U.S.C. § 314(a). If the PTO decides to institute IPR, the proceeding is conducted before a panel of three technically-trained Administrative Patent Judges of the PTAB. *See* 35 U.S.C. §§ 6(a)-(c), 316. Following a final determination, the petitioning party is estopped from asserting invalidity during a later civil action "on any ground that the petitioner raised or reasonably could have raised during" the IPR. 35 U.S.C. § 315(e)(2).

### B. This Litigation

Plaintiffs filed a complaint against Defendant on April 9, 2014, alleging infringement of U.S. Patent Nos. 5,689,799 (the '799 patent), 5,884,033 (the '033 patent), 5,566,287 (the '287 patent), 6,985,586 (the '586 patent), and 7,900,229 (the '229 patent). Dkt. No. 1. After two rounds of amendments, Plaintiffs filed the operative third amended complaint ("TAC") on December 16, 2014. Dkt. No. 92 ("TAC"). Defendant answered Plaintiffs' TAC on December 24, 2014 and asserted counterclaims alleging the infringement of ten patents. Dkt. No. 96.

On April 6, 2015, the Court granted in part Defendant's motion to dismiss the TAC and ruled that the '799 patent is invalid because it is drawn to patent-ineligible subject matter. Dkt. No. 142. The parties later stipulated to the dismissal of Defendant's counterclaims of infringement. Dkt. No. 187. As a result, only the '033, '287, '586, and '229 patents asserted by Plaintiffs are still at issue.

In March and April 2015, Defendant filed four petitions for IPR of the four remaining patents. Dkt. No. 194 ("Mot.") at 3. On September 23, September 28, and October 13, 2015, PTAB decided to institute IPR of all patent claims asserted by Plaintiffs in this case. Dkt. No. 221.

Claim construction and fact discovery have begun. On April 6, 2015, the Court issued an order construing eight disputed claim terms. Dkt. No. 173. An additional eight disputed claim terms remain to be construed. *See* Dkt. No. 95-1. The parties have exchanged initial disclosures,

1  infringement and invalidity contentions, and discovery requests. Dkt. No. 207 ("Opp.") at 5. The
2  parties have produced over 100,000 pages of documents, including source code files. *Id.* at 5-6.
3  No deadlines have been set for the completion of fact discovery, expert discovery, dispositive
4  motions, or trial.

## II.   DISCUSSION

### A.   Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011).

Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). The moving party bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

### B.   Stage Of The Litigation

The first factor the Court considers is whether the litigation is at an early stage. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts consider "whether discovery is complete and whether a trial date has been set."

*Evolutionary Intelligence*, 2014 WL 261837, at *1.

Plaintiffs argue that a stay is not warranted because "this case is not in its early stages." Opp. at 1. Although the parties have expended substantial resources on this case already, significant work remains to be done. No depositions have been taken, and no deadline for the close of fact discovery has been set. No expert discovery has been conducted, no substantive motions have been filed, and no trial date has been set. Moreover, the Court must construe an additional eight claim terms before trial. In similar circumstances, courts have split on the question of whether this factor weighs in favor of a stay. *Compare PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (finding that this factor weighs in favor of a stay where "a claim construction order has been issued and the close of fact discovery is fast approaching" but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"), *with Verinata Health, Inc. v. Ariosa Diagnostics*, No. 12-cv-05501-SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (finding that this factor weighs against a stay where "a trial date has been set," claim construction was complete, and "discovery is well underway," even though "the completion of fact and expert discovery, the filing of dispositive motions, and trial" still lay ahead).

Even though the Court and the parties have worked hard to get to this point, a stay would conserve those significant resources required to take the case to resolution. The Court finds that this factor is neutral.

**C. Simplification of the Case**

The second factor that the Court considers is whether granting a stay could simplify the litigation. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Granting a stay pending IPR is "particularly" likely to simplify the case "when a party has obtained PTO review of each of the asserted claims in the patents-in-suit." *Evolutionary Intelligence*, 2014 WL 261837, at *2.

Staying the case pending the outcome of IPR could simplify the case by rendering some or all of Plaintiffs' infringement claims moot, estopping Defendant from asserting any arguments it

4

raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue. *See Evolutionary Intelligence*, 2014 WL 261837, at *2. Indeed, even if the PTAB decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs.*, 2014 WL 116340, at *4.

Plaintiffs first argue that Defendant's IPR petitions do not assert all of the prior art references or invalidity defenses asserted in this litigation. Opp. at 11. Though it is true that IPR petitions, and therefore the associated estoppel provisions, are limited to arguments for invalidity under 35 U.S.C. § 102 and § 103 based on patents and printed publications, this "is true in every case where a stay pending IPR is sought." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2015 WL 545534, at *4 (N.D. Cal. Feb. 9, 2015). Moreover, the evaluation of a portion of Defendant's prior art references and invalidity defenses by PTAB will still simplify the case even if it does not fully resolve it, and "[t]he standard [for this factor] is simplification of the district court case, not complete elimination of it by the PTAB." *LELO,* 2014 WL 2879851, at *3.

Plaintiffs also argue that "because [Defendant] frequently introduces new products and software releases, a stay would likely increase the number of issues in this case, as the case would need to be expanded at a later date to capture all new products and software that fall within the scope of the asserted patent claims." Opp. at 8. Aside from being speculative, this argument overlooks the fact that any "need" to expand the case would be fully controlled by Plaintiffs. And, based on Plaintiffs' reasoning, expansion of the case might be required even in the absence of a stay.[1]

The Court finds that this factor weighs in favor of granting the stay. Because the PTAB has instituted IPR on all of the patent claims asserted in this case, the IPR proceedings are likely to simplify the case.

---

[1] Given the PTAB's decision to institute IPR on all of the patent claims asserted in this case, Plaintiffs' additional argument regarding the speculative nature of Defendant's contention that a stay could simplify the issues for trial is moot.

### D. Undue Prejudice

The third factor for the Court to consider is whether Plaintiffs will be unduly prejudiced by a stay. Plaintiffs argue that they will be unduly prejudiced by Defendant's "tactical delay," pointing to the fact that Defendant "waited over eleven months after being served with the complaint to file each of its four IPR petitions," "waited an additional four months after filing the last IPR petition to file its motion to stay," and "forced this litigation on an unnecessary detour by waiting seven months to assert counterclaims of infringement" that were then dismissed with prejudice eight months later. Opp. at 12-14.

The Court declines to construe Defendant's timely exercise of its statutory rights, standing alone, as a "dilatory tactic." Opp. at 13; *see Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-RMW, 2013 WL 5225522, at \*6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."); *Cypress Semiconductor*, 2014 WL 5477795, at \*3 (finding that the fact that defendant filed its IPR petitions close to the end of the statutory deadline "does not demonstrate undue delay"); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 819277, at \*4 (N.D. Cal. Feb. 28, 2014) ("[T]he IPR petitioners filed the petitions properly within the statutory time frame. Under these facts, this delay was not unreasonable, and [plaintiff] does not point to any tangible undue prejudice resulting from the IPR petitioners exercising their statutory rights."); *Delphix*, 2014 WL 6068407, at \*3 ("[W]hile the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute.").

Additionally, although the Court has some reservations about what motivations may have been behind certain of Defendant's actions thus far in the litigation, the Court finds that any delay occasioned by Defendant in this case was minimal and not irreparable. While Defendant waited to file its IPR petitions until eleven months after Plaintiffs filed their original complaint on April 9, 2014, "this case did not 'begin' in a practical sense until" December 14, 2014, when Plaintiffs filed their third amended complaint. *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG,

2015 WL 3453780, at *4 (N.D. Cal. May 29, 2015).  Furthermore, courts have consistently found that where, as here, the parties are not direct competitors, Plaintiffs "do[] not risk irreparable harm by [Defendant's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief."  *Software Rights Archive*, 2013 WL 5225522, at *6; *see also Adaptix v. HTC Corp.*, No. 14-cv-02359-PSG, slip op. at 6 (N.D. Cal. Aug. 5, 2015) ("[C]ourts decline to find undue prejudice where the parties are not direct competitors and where any resulting prejudice can be addressed through a final damages award."). [2]

Finally, Plaintiffs argue that a stay would "harm [Plaintiffs'] ability to defend [their patent] rights against ongoing and knowing infringement."  Opp. at 16.  The Court is not persuaded: *delaying* Plaintiffs' ability to defend their patent rights does not implicitly *harm* that ability.  Moreover, this "prejudice" is present in every instance in which a stay pending IPR is sought.

Because a stay will not cause undue prejudice to Plaintiffs, the Court finds that this factor weighs in favor of granting the stay.

*       *       *

After weighing the three factors outlined above, the Court finds that a stay is warranted here and will "effectuate[] the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in-suit before costly litigation continues."  *Software Rights Archive*, 2013 WL 5225522, at *6.

### III. CONCLUSION

For the foregoing reasons, the Court extends the stay of this litigation until the issuance of a final written decision by the PTAB regarding the IPR proceedings.  The parties shall file a brief joint status report regarding the IPR proceedings on April 15, 2016, and every 90 days thereafter,

---

[2] Plaintiffs concede that while the parties "may not market their products and services to the same customers, they nevertheless compete with one another in the media-distribution space."  Opp. at 16.  Whether the parties operate in the same general industry is not the relevant inquiry; what matters is whether a stay could cause irreparable harm.  Where the parties are direct competitors and a stay might lead to a loss of market share due to continuing infringement, irreparable harm is likely.  Here, however, where the parties are not direct competitors, any further harm suffered during the course of the stay may be fully cured by monetary damages.  *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1337-38 (Fed. Cir. 2012) (reversing district court's finding of irreparable harm where the parties did not directly compete, even though they were in the same industry, because they marketed their products to different customers).

1  unless otherwise directed. The parties shall also file a joint status report within five days of the
2  issuance of the PTAB's final written decision.
3       **IT IS SO ORDERED.**
4  Dated: October 21, 2015

                                           HAYWOOD S. GILLIAM, JR.
                                           United States District Judge